CONSTANT F. WHITNEY and Others, Respondents, *v.* CONSIDINE INVESTING COMPANY, Appellant, Impleaded with HENRY A. ROSENKRANZ and Others, Defendants.

Second Department, December 15, 1916.

Equity — suit to cancel certificates of sale and lease and to recover award made by state to defendants — pleading — complaint — adequate remedy at law.

Where, in a suit to cancel alleged certificates of sale and a lease, upon the ground that they are void and constitute a cloud upon the plaintiff's title, and also to recover an award made by the State to the defendants because of their claim to ownership under said certificates and lease, it is not alleged that the instruments are valid upon their

face, and that it is necessary in order to establish their invalidity to resort to extrinsic evidence, the complaint is insufficient; it fails to show that in an action of ejectment the plaintiffs have not an adequate and complete remedy at law.

APPEAL by the defendant, Considine Investing Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 10th day of December, 1915, overruling its demurrer to the complaint.

*Charles A. Winter,* for the appellant.

*C. W. Ticknor,* for the respondents.

RICH, J.:

The demurrer was interposed upon the grounds that two causes of action are improperly united; that facts sufficient to constitute a cause of action are not alleged in either the first or second subdivisions of the complaint, and that there is a defect of parties defendant. The complaint alleges for a first cause of action that the plaintiffs are the owners in fee, as tenants in common, of a parcel of land containing fifteen and three hundred and thirty-three one-thousandths acres, excepting therefrom a portion thereof taken by the State of New York in condemnation proceedings; that in November, 1889, Ziba Carpenter, Stephen W. Smith and Cyrus Lawrence, describing themselves as commissioners, executed and delivered to one Neil an instrument purporting to be a certificate of sale of a portion of said premises, which was duly recorded, and thereafter executed and delivered to him a second instrument, purporting to be a correction of the certificate first given, and that said Ziba Carpenter thereafter executed and delivered to the administrators of said Neil an instrument purporting to be a lease of said premises for 999 years; that all the right, title and interest of said administrators in said land under and by virtue of said lease was subsequently acquired by the defendant Considine Investing Company, which thereupon entered into possession of a portion of the said land and exercised acts of ownership thereon; that said certificates and lease are wholly void, and no interest in said property was conveyed thereby; that they constitute a cloud upon plaintiffs' title,

and that they have no adequate remedy at law. The second cause of action reiterates the matters set forth in the first cause of action, and avers that the State of New York, by condemnation proceedings, acquired title to a portion of said premises; that commissioners of appraisal were appointed, who made and filed their report, in and by which they awarded to the owner of the property the sum of $6,125, and found said Considine Investing Company to be such owner and entitled to such award; that plaintiffs as the owners in fee of said premises are entitled to the award claimed by the Considine Company, which threatens to collect same; that unless restrained by injunction the plaintiffs will suffer irreparable loss, and that they have no adequate remedy at law. The relief demanded is that the certificates and lease be adjudged to be illegal and void and canceled of record; that the defendants be adjudged to have no interest in or lien upon said premises or any part thereof; that plaintiffs be adjudged the owners of the premises described in the complaint free from all interest, claims or demands of defendants, and of the award made by the commissioners of appraisal.

The appellant contends that the action is brought under the provisions of sections 1638 and 1639 of the Code of Civil Procedure, and that the complaint is insufficient. The order must be reversed upon another ground, so it is unnecessary to consider the question arising from this contention. The action is brought to cancel the alleged certificate and lease, and the relief sought is dependent upon their cancellation. It is alleged that the certificates are illegal and void and convey no interest in the premises, because of the failure of the commissioners to comply with the requirements of the statute under which they were executed, and the further objection is alleged that the description of the leased property is indefinite and the boundary lines impossible to determine or locate. Unless the alleged defects invalidating the certificates and lease would have to be established by extrinsic evidence — in other words, if the invalidity appears upon the face of the instruments — they create no cloud on plaintiffs' title and no ground exists for maintaining this action. The plaintiffs contend that the statute (Laws of 1869, chap. 888, § 13) makes certificates of sale presumptive

evidence of the facts therein recited, and, therefore, until the certificates and the lease have been adjudicated invalid, the plaintiffs would have no right to possession and could not maintain ejectment. This contention is sound if the recitations contained in the instruments establish *prima facie* all of the requirements of the statute to make them valid and operative, and it is not correct if the alleged defects appear on the face of the instruments, establishing of themselves their invalidity. It is not alleged that the instruments are valid upon their face, and that it is necessary, in order to establish their invalidity, to resort to extrinsic evidence. Because of this omission the complaint fails to state facts sufficient to constitute a cause of action. It fails to show that in an action of ejectment the plaintiffs have not an adequate and complete remedy at law. It also fails to establish any cloud upon plaintiffs' title because of the existence of such certificates and lease. The plaintiffs concede that the two alleged causes of action stand or fall together, both being based on the invalidity of the certificates and lease, so that the defect in pleading applies to both alleged causes of action, and renders it unnecessary to consider the other questions presented.

The order is reversed, with ten dollars costs and disbursements, and the demurrer sustained, with leave to the plaintiffs to serve an amended complaint, if they shall be so advised, within twenty days after the entry of the interlocutory judgment, upon payment of costs to date.

JENKS, P. J., THOMAS, CARR and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with leave to plaintiffs to serve an amended complaint, if they shall be so advised, within twenty days after entry of the interlocutory judgment, upon payment of costs to date.